## SIMON V. ADDIS v. CORNELIUS VAN BUSKIRK.

It is a material variance to describe a note drawn payable "without defalcation" only as drawn payable "without defalcation or discount," and a note is rightly rejected when offered under a state of demand in a justice's court with such variance.

Argued, in the branch court, before Justices ELMER and POTTS; *Whelpley* for plaintiff in *certiorari*, *S. R. Hamilton*, for defendant.

The opinion of the court was delivered by

ELMER, J.   Upon the trial of the action before the justice and a jury, the justice overruled the note of the defendant, Addis, offered in evidence on the part of the plaintiff, upon the ground that it was not properly described in the state of demand, and the jury thereupon rendered a verdict for the defendant.   Van Buskirk, the plaintiff in the justice's court, appealed.   Upon the trial of the appeal, the Court of Common Pleas received the note in evidence, reversed the judgment of the justice, and rendered judgment for the plaintiff for a part of the money payable by the note.   The question now presented to this court is, whether the note was rightly received in evidence by the Court of Common Pleas.

The state of demand claims a balance due upon the defendant's note, payable to one H. D. Hulick or bearer, payable five months after the date thereof, "without defalcation or discount," for value received.   The note, when produced proved to be payable "without defalcation," omitting the words "or discount."   We think this was a material variance, and that the justice was right in rejecting the note, and consequently the Court of Common Pleas erred in receiving it.   As between the original parties to the note, the variance would, perhaps, have been immaterial; but as between the plaintiff, who claimed to be a bearer of it, and the maker, the legal effect of a note containing the words without "defalcation or discount" might be different from one containing only the words " without defalcation."   In the one case the defendant might be precluded from setting up a set-off against the original payee, while in the other such a set-off might be available.   The judgment of

the pleas must therefore be reversed; and this being an error in the original proceedings which cannot be remedied the case cannot be sent back for a new trial; but the holder of the note must be left to proceed anew, if he thinks proper.

POTTS, J., concurred.

Judgment reversed.